UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL C. DESUE,

    Petitioner,

v.                                            Case No. 5:19cv237-MCR-HTC

STATE OF FLORIDA, SECRETARY
MR. MARK INCH OF THE
DEPARTMENT OF CORRECTIONS,
RECORDS CUSTODIAN LINDA SANTANA,

    Respondents.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, Michael C. DeSue ("DeSue"), initiated this case by filing an "Emergency Writ of Complaint to Order Complainant Discharged from False Imprisonment by Florida Department of Corrections Where State Public Officials Forged and Falsified His Commitment Papers and Allowed Forged Official Documents To Be Passed Upon Their Agency in Conspiracy by Government Branches" (the "Writ").  ECF Doc. 1.  The clerk docketed the Writ as a petition for habeas corpus relief under 28 U.S.C. § 2254, and the matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

Upon screening the Writ, the undersigned determined it was a successive § 2254 petition.  ECF Doc. 6.  Because it was not immediately clear whether DeSue

sought to bring this action under § 2254 or as a § 1983 claim, the undersigned ordered DeSue to show cause why his Writ should not be construed as an application for habeas corpus under § 2254 and dismissed as a second or successive petition.[1] *Id.*

On August 22, 2019, DeSue provided a response to the order to show cause, ECF Doc. 7, and also filed a "Motion for Leave to Amend Writ of Complaint." ECF Doc. 8. On August 29, 2019, DeSue filed an "Amended Writ of Complaint to Order Complainant Discharged from False Imprisonment by Secretary of the Department of Corrections where his Detention was Procured by Fraud by the Department of Corrections" ("Amended Writ"). ECF Doc. 9. As an initial matter, Petitioner need not seek leave from this Court to amend his Writ as the amendment comes prior to service.[2] *See* Fed. R. Civ. P. 15(a); *see also Mayle v. Felix,* 545 U.S. 644, 655 (2005) (applying Rule 15 to habeas actions). Thus, the motion for leave to amend, ECF Doc. 8, will be granted. After carefully considering the Amended Writ, the

---

[1] In *Castro v. United States*, 540 U.S. 375, 383 (2003), the Supreme Court held a federal court cannot recharacterize a pro se litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to do so, provides certain warnings and an opportunity to withdraw. Although *Castro* does not specifically require a notice here, out of an abundance of caution and because Petitioner is pro se, the Court issued the show cause order.

[2] Rule 15(a)(1) allows a party to amend its pleading once as a matter of course within 21 days of service or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Also, "[w]hen the plaintiff has the right to file an amended complaint *as a matter of course, …* the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1292 (11th Cir. 2007).

Case No. 5:19cv237-MCR-HTC

undersigned recommends this matter be dismissed as a second or successive petition under 28 U.S.C. § 2244(b)(1) and Rule 9 of the Rules Governing Section 2254 Cases.

## I.     Background

As with the original Writ, ECF Doc. 1, DeSue files the Amended Writ seeking "an order of discharge from the custody of Secretary Mr. Mark Inch of the Department of Corrections where his detention was procured by record fraud." ECF Doc. 9 at 1. As with the original Writ, the Amended Writ is based on a judgment of conviction under Case Number 92-0266. Among other allegations, DeSue claims that Bay County Circuit Court public officials "did forge the April 23, 1992 Amended Information listing the Robbery as Count II and Robbery with a Firearm as Count III as being connected offenses to case no. 92-0266 … to fabricate jurisdiction that had been lost." *Id.* at 3. He concludes that "Under Article I Section 15 Fla. Constitution the Bay County Circuit Court could not [have] tried the Complainant under case no. 92-0266 for Robbery with a Firearm and in a separate and subsequent trial for Robbery under case no. 92-0266, as a 'matter of law.'" *Id.* at 4. Thus, DeSue continues, "[t]he verdict entered under case no. 92-0266 on June 30, 1992 for Robbery with a Firearm by jury foreperson "Bonnie Blue" is a 'nullity,' and the case no. 92-0266 July 1, 1992 jury verdict for Robbery signed by jury foreperson "Charles Spencer" is a 'nullity.'" *Id.* at 4-5. DeSue then contends that the sentencing judge, the assistant state attorney, the defense attorney, a Department

of Corrections employee, clerk of court, the Department of Corrections records custodian and a deputy sheriff either forged documents or knowingly used forged documents to commit DeSue to 27 years imprisonment. *Id.* at 4-7. These are virtually the same allegations he made in his original Writ. ECF Doc. 1 at 2-5. He concludes in the Amended Writ that "[t]he Writ of Complaint requires Complainant to be discharged from the Department of Corrections by an emergency order where his false imprisonment is procured by fraud." ECF Doc. 9 at 19. DeSue does not seek monetary damages as he did in the original Writ, making it even clearer that he is not seeking to file a claim under 42 U.S.C. § 1983.[3] *Compare* ECF Doc. 9 at 19 *with* ECF Doc. 1 at 11.

## II. The Amended Writ is a Successive 28 U.S.C. § 2254 Petition

### A. Sua Sponte Dismissal Under Rule 4 is Appropriate.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to dismiss a petition prior to service "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir.

---

[3] Regardless, to the extent DeSue is seeking to bring a claim under 42 U.S.C. § 1983, he cannot do so because the relief he seeks would "necessarily imply the invalidity of the punishment imposed." *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Indeed, the very basis of DeSue's Amended Writ is his allegation that his judgment under 92-0266 was invalid (i.e., fraudulent or based on forged documents); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.").

Case No. 5:19cv237-MCR-HTC

2011). In reviewing a petition under Rule 4, a federal habeas court may also take judicial notice of state court records, its own records and records of an appellate court. *See e.g., Paez v. Sec'y Fla. Dept. of Corr.*, -- F.3d --, 2019 WL 3433069, at *2 (11th Cir. July 31, 2019) (citing *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976)) (recognizing propriety of taking judicial notice of prior habeas proceedings in connection with same conviction even with case is not part of the record on appeal under Fed. R. Evid. 201); *Allen v. Newsome*, 795 F.2d 934, 938 (11th Cir. 1986) (holding court can take judicial notice of prior § 2254 applications); *Barber v Cockrell,* 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002) (taking judicial notice of its own records on prior habeas petition); *United States ex. Rel Martin v. Gramley*, 1998 WL 312014, at *1 (N.D. Il. June 3, 1998) (taking judicial notice of opinions of appellate court in Rule 4 dismissal).

Rule 4 allows district courts to *sua sponte* dismiss a petition for habeas relief on grounds that go to the merits of the petition, such as jurisdictional issues. *See Paez*, 2019 WL 3433069, at *4 (holding that dismissal under Rule 4 not applicable to non-jurisdictional procedural bars such as timeliness); *Nash v. Beard,* 2006 WL 2988941, *1 n.2 (M.D. Pa. Oct. 17, 2006) (taking judicial notice of related official court filings in dismissing petition under Rule 4 as successive); *McMillan v. Cooks*, 2018 WL 6835918, at *1 (S.D. Ala. Nov. 16, 2018) (dismissing petition under Rule 4 on grounds that court lacked jurisdiction over unauthorized second or successive petition); *Roberts v. Noe*, 2019 WL 1905176, at *1 (N.D. Ala. Apr. 15, 2019) (same).

Case No. 5:19cv237-MCR-HTC

## B. DeSue Has Filed a Prior Application for Habeas Corpus Relief That Was Dismissed with Prejudice

As explained in the order to show cause, DeSue previously filed an application under section 2254, making the same arguments he makes in the instant case – that his conviction in Bay County Circuit Court case no. 92-0266 is invalid because of forgery and fraud. *See* ECF Doc. 6 (citing *DeSue v. Singletary*, 5:97cv278-RH-SMN (N.D. Fla)).[4] In 2000, the Eleventh Circuit dismissed that petition, on appeal, with prejudice as untimely filed. ECF Doc. 42 in 5:97cv278 and ECF Doc 46 in 5:97cv278 at 2. DeSue then applied to the Eleventh Circuit for permission to file a successive petition. *See* ECF Doc. 44 of 5:97-cv-278 (citing *In re Michael DeSue*, United States Court of Appeals, Eleventh Circuit, Case No. 12-12870-A). In that application, DeSue identified the judgment of conviction under attack as including 92-0266, and his first habeas petition as to that judgment as being filed in case number 5:97-cv-278. *See* Application, Case No.: 12-12870-A. The Eleventh Circuit denied DeSue's application. *See* June 20, 2012 Order in Case No. 12-12870-A. Undeterred, DeSue filed a second application to file a successive petition almost two

---

[4]In fact, DeSue has brought these arguments many times, in many places, before. After his convictions and sentences became final, DeSue repeatedly sought postconviction relief in the Fourteenth Judicial Circuit and the First District. His repeated attempts to obtain such relief resulted in both the Fourteenth Judicial Circuit and the First District barring him from filing any further pro se requests for relief. *DeSue v. Tucker*, 100 So.3d 151 (Fla. 1st DCA 2012); *State v. DeSue*, No. 92–CF–266 (Fla. 14th Cir. Ct. Apr. 25, 2007). The Florida Supreme Court also ruled that "DeSue may only petition the Court about his convictions or sentences in these cases through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith." *DeSue v. Jones*, 213 So. 3d 801, 803 (Fla.), cert. denied, 138 S. Ct. 122 (2017).

Case No. 5:19cv237-MCR-HTC

years later.  In his second application, DeSue identified the judgment of conviction under attack as Case Number 09-0266 and his first habeas petition as having been filed in 5:97-cv-278.  *See id.*  The Eleventh Circuit also denied the second application.  *See* June 16, 2014 Order, in Case No. 14-12449-A.

For a second petition to be successive, the first petition must have been denied or dismissed with prejudice.  *See Guenther v. Holt,* 173 F.3d 132, 1329 (11th Cir. 1999).  Because the Eleventh Circuit, on appeal, dismissed DeSue's prior petition as untimely – it was a dismissal with prejudice.  *See e.g., Candelario v. Warden*, 592 F. App'x 784, 785 n.1 (11th Cir. 2014) (dismissal of a habeas petition as time-barred is a judgment on the merits); *Jordan v. Sec'y, Dept. of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007 (a dismissal for untimeliness is with prejudice).

Additionally, the court must look to the judgment being challenged to determine if a petition is successive.  *See Patterson v. Sec'y, Fla. Dept. of Corr.*, 849 F.3d 132, 1324 (11th Cir. 2017).  The judgment that matters is the judgment authorizing the prisoner's confinement.  *See id.* at 1325.  As set forth above, the judgment at issue in 5:97-cv-278 (and which was the subject of DeSue's prior applications to the Eleventh Circuit) was the judgment in case number 92-0266 – a

judgment for which DeSue remains in custody[5] – and for which he seeks to be released from custody in the instant Amended Writ.

### C. DeSue Has Not Obtained an Order from the Eleventh Circuit Authorizing the Filing of Second or Successive Petition

As DeSue well knows, to file a successive or second petition, he must first have obtained an order from the Eleventh Circuit authorizing the filing of such a petition. Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

Absent authorization from the Eleventh Circuit, a second petition is subject to dismissal as an improper or successive petition. Indeed, a district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain the

---

[5] The Inmate Population Information Detail from the Florida Department of Corrections Offender Network website indicates that DeSue is serving life imprisonment for Bay County Case Number 9200266. ttp://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=729878.

Case No. 5:19cv237-MCR-HTC

petitioner's second § 2254 habeas petition contesting the same custody imposed by the same judgment of a state court, because the prisoner failed to obtain an order from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same). There is no dispute that DeSue has not received permission from the Eleventh Circuit to file the instant successive petition.

### D.  DeSue Was Given Fair Notice of the Court's Intent to Dismiss

Because this Court lacks jurisdiction to consider a successive petition unless and until DeSue receives permission from the Eleventh Circuit to bring the petition, the Court may consider whether the petition is successive *sua sponte*. *See e.g., McLeod v. Gordy*, 2019 WL 1461924 (N.D. Ala. Mar. 4, 2019) (citing *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007)) (federal courts are obligated to inquire into subject matter jurisdiction *sua sponte*). However, when a district court dismisses an action *sua sponte*, it must ensure that the procedure employed is fair; which requires that the district court must generally provide notice of its intent to dismiss or an opportunity to respond. *See Tazao v. Airbus S.A.S.,* 631 F.3d 132, 1336 (11th Cir. 2001). The previous show cause order provided such a notice and opportunity to respond. *Cf. Shivers v. Int'l Bhd. Of Elec. Workers Local Union 349*, 262 F. App'x 121, 125-27 (11th Cir. 2008); *Salvador Arellano-Campos v. Tom Gramiak*, 2015 WL 9660366 (N.D. Ga. Dec. 4, 2015) (recommending dismissal of

petition pre-service under Rule 4 as a successive petition). Indeed, DeSue took advantage of the opportunity to file an amended pleading.

### E. DeSue's Arguments in Support of the Amended Writ Are Without Merit

In DeSue's motion to amend, he make several arguments, presumably to support why his Amended Writ should not be dismissed. Although the undersigned is granting DeSue's motion to amend because Rule 15(a) allows him to amend as of right, the undersigned finds that none of DeSue's arguments have merit.

First, in DeSue's response to the Court's order to show case (ECF Doc. 7), DeSue continues to attack his conviction and sentence, arguing that after the 92-0266 case was "nolle prossed" in 1992, "subsequent motions, petitioner, or applications including court judgments or opinions could not be filed or entered, and if they were under the law these instruments, orders, judgments, or opinions are 'null and void.'" *Id.* at 2. Therefore, according to DeSue, the rulings in 5:97cv278, the dismissal by the Eleventh Circuit, and the applications for leave to file second or successive section 2254 applications in 2012 and 2014 are null and void. *Id.* DeSue then argues that the docket clerk, the prosecutor, the judge, a correctional officer and the Florida Department of Corrections' Records Custodian "did forge and falsify official documents and records" to falsely imprison DeSue, and that former District Judge Richard Smoak "is causing government interference with complainant's liberty interest." *Id.* at 5. *Id.* DeSue's response merely restates the allegations of

the Writ itself and fails to provide any basis for not recommending a dismissal of this successive petition.

Second, in the Amended Writ, DeSue argues that the Amended Writ "cannot be categorized as a second or successive complaint where record and documents show[] that fraud occurred by public officials and government agency employees" which "is an exemption to § 2254." ECF Doc. 9 at 1-2.  He relies on *In re Pickard*, 681 F.3d 1201, 1205-06 (10th Cir. 2012) in support of his position.  *Pickard*, however, is inapposite and is also not binding on this Court.  The defendant in *Pickard* raised "claims that prosecutorial misconduct in the § 2255 proceedings affected the integrity of those proceedings." *Pickard*, 681 F.3d at 1203.  The Tenth Circuit held that, while a successive § 2255 application was improper based on such claims, such claims "are proper Rule 60(b) claims; and we remand those claims to the district court for resolution." *Id.*  Here, however, the fraud and forgery asserted by DeSue did not affect the § 2254 proceedings themselves; they affected his underlying conviction.  As stated above, DeSue attacks the underlying proceedings resulting in his judgment of conviction.  ECF Doc. 1.  Such claims are not even proper Rule 60(b) claims under the logic of *Pickard*.

Third, DeSue argues there is "no state court corrective process for Department of Corrections prison officials who forge a prisoners commitment documents and records" and that, therefore, "habeas corpus review is available to him under 28 U.S.C. § 2254(b)(l)." ECF Doc. 8 at 2 & ECF Doc. 9 at 2.  The alleged "absence of

available State corrective processes" is only relevant, however, to whether DeSue has exhausted state remedies, not to whether the district court has jurisdiction to adjudicate a second or successive petition. Section 2254(b)(1)(B)(i) provides that, if the petitioner has not exhausted state remedies, an application for habeas corpus shall not be granted by a federal court -- unless "there is an absence of available State corrective process." Nothing in that section grants a district court jurisdiction to entertain a second or successive petition; § 2254(b)(1) merely imposes a requirement on a petitioner to exhaust state administrative remedies before seeking federal habeas relief. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Finally, in the motion for leave to amend, DeSue cites to "28 U.S.C. § 2241(3)," as providing relief. ECF Doc. 8 at 2. As an initial matter, such a statutory section does not exist. The undersigned assumes DeSue meant to cite 28 U.S.C. § 2241(c)(3), which provides that "the writ shall not extend … to a prisoner" unless he "is in custody in violation of the Constitution or laws or treaties of the United States." DeSue, however, cannot circumvent the requirements of § 2254 simply by designating his petition as being filed under § 2241.

"A prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions...by nominally bringing suit under § 2241." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1060-61 (11th Cir.

2003)).  In *Johnson v. Warden, Ga. Diagnostic & Classification Prison*, 805 F.3d 1317, 1323 (11th Cir. 2015), the court instructed as follows:

> Under 28 U.S.C. § 2244(b), a state prisoner who wishes to file a second or successive habeas corpus petition "under Section 2254" must move the court of appeals for an order authorizing the district court to consider such a petition.  *See* 28 U.S.C. § 2244(b)(2), (b)(3)(A).  That requirement cannot be evaded by characterizing the petition as one filed under § 2241 instead of § 2254.  Johnson's position—that a habeas petitioner can evade any and all of the [AEDPA] restrictions set out in §§ 2244 and 2254 by the simple expedient of labeling the petition as one filed under § 2241—has no merit whatsoever. Among other things, it would render the AEDPA amendments to §§ 2244 and 2254 a nullity and mean that scores of Supreme Court decisions, and thousands of lower court decisions, are utterly pointless.

*See also Thomas v. Crosby*, 371 F.3d 782, 785-87 (11th Cir. 2004) (concluding that "[a] state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition.  If the terms of § 2254 apply to a state habeas petitioner, i.e., if he is 'in custody pursuant to the judgment of a State court'– then [the court] must apply its requirements to him"); *Medberry*, 351 F.3d at 1060-61 ("Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous....To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.").

For the reasons set forth above, the undersigned recommends this action be dismissed, without an evidentiary hearing, as a second or successive application for habeas corpus relief barred by 28 U.S.C. § 2244(b)(1) and Rule 9 of the Rules Governing Section 2254 Cases.

### III.   Denial of Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

Case No. 5:19cv237-MCR-HTC

attention of the district judge in the objections permitted to this report and recommendation.

## IV. Conclusion

Accordingly, it is ORDERED:

1. The motion for leave to file an amended writ of complaint, ECF Doc. 8, is GRANTED. The filing at ECF Doc. 9 is accepted.

And it is respectfully RECOMMENDED:

1. That the filing at ECF Doc. 9 be DISMISSED as a second or successive habeas corpus application filed without first obtaining an order from the Eleventh Circuit authorizing the district court to consider it.

2. That a certificate of appealability be denied.

3. That the clerk be directed to close the file.

In Pensacola, Florida, this 9th day of September, 2019.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.